IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAYLOR L. BENNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:14 CV 1438 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before me on the motion of Taylor L. Bennett ("Bennett") to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. In her motion, Bennett alleges violations of her Fourth Amendment rights and a violation of her Sixth Amendment right to effective assistance of counsel. For the reasons below, I find that all of Bennett's claims are without merit. As a result, her motion will be denied.

**I.    BACKGROUND**

On October 23, 2013, a grand jury charged Bennett with a five-count indictment. The indictment charged her with: Count 1, mail fraud in violation of 18 U.S.C. § 1341; Count 2, aggravated identity theft in violation of 18 U.S.C. § 1028A; Count 3, access device fraud in violation of 18 U.S.C. § 1029(a)(2); Count 4, possession of 15 or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2) and § 1029(a)(3); and Count 5, possession of stolen mail in violation of 18 U.S.C. § 1708.

The charges stem from the following incident. On August 27, 2013, officers of the Florissant, Missouri Police Department responded to a call from a Florissant resident who stated that he noticed a heavy set white male wearing a backpack opening mailboxes in his

neighborhood. When the officers arrived at the scene, they made contact with Taylor Bennett who, although female, fit the description given by the caller. Bennett initially provided the officers with a false name and date of birth and stated she was looking at properties to purchase in the area. After conducting a record check on the name Bennett provided and determining it to be false, the officers questioned Bennett further, who then provided her true name. The officers requested consent to search Bennett's backpack, which they contend she granted, and discovered a counterfeit identification document, a credit card in a different name, stolen mail, identifying information of others, and a map with various addresses highlighted in yellow. Police later notified the post office about the incident. The office sent a postal inspector to investigate.

While Bennett was in custody, the officers conducted additional questioning. Bennett admitted to obtaining the names and social security numbers of others which she used to open e-mail addresses in variations of the stolen identities to assist her in acquiring unauthorized credit cards. She then connected the stolen identities to vacant properties in the St. Louis area to direct the credit card issuers to mail the fraudulently acquired cards to those locations. Bennett further revealed that she had been residing at a local hotel. She consented to a search of that room. There, police discovered a laptop, notebooks containing identifying information of others, and credit cards in several different names. In total, police determined that Bennett possessed the personal identifying information of over 400 individuals, which they believed she used in furtherance of her scheme to fraudulently obtain credit cards. Based on this information, a grand jury indicted Bennett.

The Federal Public Defenders Office ("Counsel") represented Bennett throughout these proceedings. On October 9, 2013, Counsel provided Bennett with a copy of the discovery in her case, including a copy of the Florissant Police Report. During this meeting, Counsel and Bennett

"discussed [] several Fourth Amendment issues in [Bennett's] case: the initial stop of Bennett by the police officer, the search of Bennett's backpack and seizure of several items from the backpack, the search of Bennett's hotel room and the seizure of several items from the hotel room, and the search of Bennett's computer." (Doc. #10-1, Affidavit of Counsel, at 1) They discussed the possibility of filing Motions to Suppress Evidence concerning those issues.

On October 30, Bennett and Counsel again discussed the possibility of filing pretrial motions regarding those issues. Bennett decided to wait for the Assistant United States Attorney to make a plea offer before deciding whether to file the motions. Counsel requested additional time to obtain and review discovery materials and to determine whether and which pretrial motions Bennett might file. On November 5, Counsel received the plea offer. She met with Bennett the next day to review it. As the offer was conditioned upon Bennett's waiver of pretrial motions, Counsel and Bennett discussed the odds that Bennett would prevail on potential motions. Following that discussion, Bennett accepted the plea offer and agreed to waive pretrial motions.

Before the waiver hearing, Counsel discussed the filing of pretrial motions with Bennett for the final time. The waiver motion stated, "Defendant and Counsel for Defendant have discussed pretrial motions and the issues to be raised by way of pretrial motions. Defendant feels that it is in her best interest to waive pretrial motions and Defendant agrees and concurs in the decision to waive pretrial motions." (Doc. #20, Pet'r's Mot. to Waive Pretrial Mot., at 1) At the waiver hearing, the presiding judge noted, "the Defendant appeared in person and with counsel on the record and announced that, understanding her rights in this regard, she wished to waive her right to file pretrial motions as well as her right to have a hearing on those motions."

Concluding that Bennett understood her rights in waiving pretrial motions, the judge granted her motion.

On January 9, 2014, Bennett appeared before me at her change of plea hearing. At the hearing, Bennett stated that the stipulated facts in the plea agreement contained some errors. A recess was held to allow Bennett and Counsel the opportunity to amend the facts in the plea agreement to correct those alleged errors. When the proceedings resumed, Bennett then objected to facts contained in the police report. As a result of Bennett's hesitation, Counsel requested a trial date. However, Bennett requested to address me and, after being informed by Counsel that only the facts in the plea agreement were being considered as elements of the offense, affirmed the facts in the plea agreement as true and correct. I then accepted her guilty plea to Counts 1, 3, 4, and 5 of the indictment. In accordance with the plea agreement, the government dismissed Count 2 of the indictment at the time of sentencing. On August 18, after pleading guilty and being sentenced, Bennett filed a § 2255 claim stating four grounds for relief.

## II. GROUNDS FOR RELIEF

Bennett claims she is entitled to relief on the following grounds:

(1) Police did not establish probable cause required to carry out a warrantless arrest.

(2) Warrantless search and seizure violated Bennett's Fourth Amendment rights.

(3) Exclusionary rule barred admission of evidence seized in violation of Bennett's Fourth Amendment rights.

(4) Bennett received ineffective assistance of counsel.

## III. STANDARD FOR § 2255 RELIEF

A motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" United States v. Wilson, 997 F.2d 429, 431 (8th Cir.1993)

(quoting Davis v. United States, 417 U.S. 333, 343 (1974)). Under § 2255, "a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007). A defendant's plea agreement waiver of the right to seek this relief does not waive the right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel. United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999).

## IV. ANALYSIS

### A. Fourth Amendment Claims

Grounds 1 through 3 of Bennett's Motion allege Fourth Amendment claims. These claims are not cognizable in § 2255 proceedings. Stone v. Powell, 428 U.S. 465, 494 (1976); Ray v. United States, 721 F.3d 758, 762 (6th Cir. 2013) ("free-standing Fourth amendment claims cannot be raised in collateral proceedings under either § 2254 or § 2255."). Furthermore, Bennett waived her right to assert claims in a § 2255 petition except claims for ineffective assistance of counsel or prosecutorial misconduct under the guilty plea agreement. Specifically, the agreement stated:

> "The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.
> . . .
> "The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel."

As a result, I dismissed Grounds 1 through 3 on August 25, 2014, shortly after Bennett filed her motion to vacate.

5

B.      Ineffective Assistance of Counsel[1]

Bennett asserts that Counsel failed to render effective assistance of counsel as guaranteed by the Sixth Amendment. She alleges that Counsel performed deficiently for failing to: (i) conduct a thorough investigation of her case; (ii) challenge the introduction of evidence by filing pretrial motions; (iii) bring to the court's attention false and misleading information in the record; and (iv) perform competently at sentencing. A defendant claiming ineffective assistance must show (1) that counsel performed deficiently and (2) that the deficiency prejudiced her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). This burden exists even though there is a lack of available evidence and testimony because the defendant pleaded guilty. Premo v. Moore, 562 U.S. 115, 132 (2011).[2] To prove deficiency, the defendant must meet the high burden of showing that counsel made such serious errors that she was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, the defendant must prove that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. Id. at 670. To establish prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at

---

[1] Bennett raises Fourth Amendment issues as part of her ineffective assistance claims. She should have raised these challenges either through pretrial motions and an evidentiary hearing or on direct appeal. As Bennett waived these opportunities, I only address such issues as they relate to her ineffective assistance claims.

[2] "Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial. . . . The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance . . ." Id.

699. In the guilty plea context, this means showing "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997). "A reasonable probability is a probability sufficient to undermine confidence in the outcome," requiring "a 'substantial,' not just 'conceivable,' likelihood of a different result." United States v. Frausto, 754 F.3d 640, 643 (8th Cir. 2014) (citing Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011)). Where a defendant raises multiple claims of ineffective assistance, each claim or error must be examined independently rather than collectively. Hall v. Luebbers, 296 F.3d 685, 692-93 (8th Cir. 2002). In other words, a defendant cannot "build a showing of prejudice on a series of errors, none of which would by itself meet the prejudice test." Id. at 692 (citing Wainwright v. Lockhart, 80 F.3d 1226, 1233 (8th Cir. 1996)).

> ### i. *Counsel Was Not Ineffective For Allegedly Failing to Conduct a Proper Investigation*

Bennett first alleges that Counsel rendered ineffective assistance by failing to properly investigate her case. Specifically, Bennett states that Counsel failed to interview the complainant, arresting officers, and postal inspector involved in her case. An attorney's failure to contact and interview important prospective witnesses may constitute deficient performance, depending on the circumstances. See Chambers v. Armontrout, 907 F.2d 825, 829 (8th Cir. 1990). "In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691. In making this assessment, the court should take into consideration the information counsel learned from the defendant:

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information

7

supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. . . In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions. . .

Id. Counsel must conduct a reasonable investigation, but need not interview all witnesses. See id.

Bennett's argument relies on her allegation that had counsel interviewed these witnesses, she "would have known the police report did contain false information." However, Counsel was fully aware of the potential evidentiary challenges based on her conversations with Bennett and from reviewing the police report. Bennett "advised [Counsel] of the illegal search of the backpack" and "the illegal confession made under duress." (Doc. #1-1, Pet'r's Mem. of Law in Supp. § 2255 Mot., at 7) Bennett and Counsel reviewed the police report together and, over several meetings, discussed the possibility of filing motions to suppress evidence. Additionally, I have thoroughly reviewed the police report and I did not find any evidence of activity in that report that an attorney would be unreasonable for not investigating, given the information she learned from Bennett. Under these circumstances, I cannot conclude that Counsel's decision not to interview these witnesses fell outside of the wide range of reasonable professional assistance. See Villafuerte v. Stewart, 111 F.3d 616, 630 (9th Cir. 1997) (finding that counsel was not ineffective where counsel had access to police reports and compared them with defendant's taped statement).[3]

---

[3] Bennett's failure to object to Counsel's performance at the plea hearing, knowing that she had not interviewed these witnesses, further undermines her contention. See United States v. Newson, 46 F.3d 730, 733 (8th Cir. 1995) (finding that Defendant's failure to assert any objections to counsel's performance at the plea hearing refuted claims of ineffective assistance as a basis for withdrawing his plea); Ingrassia v. Armontrout, 902 F.2d 1368, 1370 (8th Cir. 1990) (holding that representations made at the plea hearing "carry a strong degree of verity and pose a formidable barrier in any subsequent collateral proceedings") (citing Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985)).

Even if Counsel's actions were deficient in this regard, Bennett has not established prejudice. I address each of her contentions in turn. First, Bennett claims that Counsel failed to investigate the fact that the police report contained inaccurate information, including an inaccurate address for the location where the arrest occurred. She claims the "citations" (no thorough explanation provided, but presumably the citations issued to Bennett at the time of her arrest) listed the correct address of where the arrest occurred, which differs from the address noted in the police report. Bennett has not provided the "citations" in support of her claim, so I cannot assess its validity. Moreover, even if the addresses noted in the police report and citations differ, that does not establish prejudice regarding Counsel's alleged failure to investigate this information. Bennett's also alleges that the police did not read her Miranda rights, but this contention is explicitly contradicted by the police report. She does not provide evidence rebutting it and thus cannot demonstrate prejudice.

Bennett next claims that Counsel failed to interview the individual who initially called the police and described the suspect as a "heavy set white male," alleging that he would not have identified her as the suspicious individual. This contention is tied to her assertion that the police report did not make a clear case for probable cause or trespassing. Bennett does not provide evidence in support of this contention. Furthermore, the police report states that although they did not find a male as reported by the caller, they did find Bennett, a female who otherwise matched the caller's description of the suspicious person. And according to the police report, Bennett admitted to walking through several properties. As Bennett's description matched the description of the caller except that of her gender and as she admitted to walking on others' property, Bennett fails to establish prejudice. See Marti v. City of Maplewood, 57 F.3d 680, 685-86 (8th Cir. 1995) (finding police had reasonable suspicion where suspects and their vehicle

9

matched descriptions); United States v. Witt, 494 Fed. Appx. 713, 716 (8th Cir. 2012) (noting that factors including temporal and geographic proximity of a vehicle to the crime and matching vehicle descriptions can support a finding of reasonable suspicion).

Finally, Bennett claims that Counsel failed to speak with the postal inspector who would have verified that there was only one stolen letter in her backpack rather than the "numerous" letters as reported in the police report. However, she does not provide any support for this contention. Furthermore, and applicable to the preceding contentions, Bennett and Counsel spoke about these issues several times. Knowing that Counsel had not investigated these particular allegations, Bennett still decided to plead guilty. She fails to carry her burden to show she would not have pleaded guilty had Counsel interviewed any of these witnesses, nor does she note any additional steps she would have taken had Counsel done so. Frausto, 754 F.3d at 643. As a result, I will deny this ground for relief.

### ii. *Counsel Was Not Ineffective For Not Filing Pretrial Motions to Suppress Evidence*

Bennett next argues that Counsel rendered ineffective assistance by not filing pretrial motions to suppress evidence. Failure to file a pretrial motion does not per se establish ineffective assistance of counsel. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). There must be a reasonable probability that the pretrial motion would have succeeded. See White v. Helling, 194 F.3d 937, 942 (8th Cir. 1999). However, if a petitioner voluntarily and knowingly waives the right to file pretrial motions, she cannot then allege that counsel performed deficiently by not filing them. See, e.g., Adams v. United States, No. 4:11 CV 01831, 2012 U.S. Dist. LEXIS 123475, at *14-*15 (E.D. Mo. Aug. 30, 2012); Boice v. United States, No. 4:11 CV 701, 2014 U.S. Dist. LEXIS 19486, at *6-*8 (E.D. Mo. Feb. 17, 2014).

Bennett claims her counsel performed deficiently by not filing pretrial motions. Bennett waived those motions, which were not guaranteed to succeed, in exchange for having Count IV dropped. As Bennett made a strategic decision not to file pretrial motions, she cannot now claim that Counsel's decision not to file them fell outside of the range of reasonable assistance. Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts. . . are virtually unchallengeable.").[4]

Even if Counsel did perform deficiently in this regard, Bennett would still fail to establish prejudice. She would need to show there is a reasonable probability that the pretrial motions would have succeeded, and that success in these motions would have led her to proceed to trial instead of pleading guilty. As noted above, I thoroughly reviewed the police report and did not find any evidence of police misconduct. Bennett's failure to provide any evidence to demonstrate that there is a reasonable probability that she would have prevailed at the suppression hearing is an added reason to deny relief on this ground. See Premo, 562 U.S. at 132.[5]

> iii.    *Counsel Was Not Ineffective For Allegedly Failing to Bring to the Court's Attention False and Misleading Information Contained in the Record*

Bennett's next contention is that Counsel performed deficiently by not bringing to the Court's attention allegedly false and misleading information in the plea agreement, presentence investigation report, and discovery. I address each of these claims in turn. At the plea hearing, Bennett objected to certain stipulated facts in the plea agreement. I recessed the hearing to allow

---

[4] Bennett later makes a passing contention that she did not waive her right to file pretrial motions knowingly and voluntarily. She fails to support this contention. Bennett and Counsel discussed the possibility of filing pretrial motions on several occasions. After seriously considering the option of filing such motions, Bennett decided to waive her right to file them so she could accept the Assistant United States Attorney's plea offer. Bennett does not provide any evidence of Counsel's failure to properly advise her as to the waiver of this right.

[5] In passing, Bennett also claims that Counsel performed deficiently by failing to enter the police report into the record. Again, as there is no evidence of police misconduct in the police report, Bennett's bare assertion that entering it into the record would have changed the result of the proceeding lacks support.

11

Bennett to note her objections to them.  Upon resumption of the hearing, Bennett affirmed the remaining facts as correct and true (in contradiction to her present passing contention that certain incorrect facts remained in the plea agreement).  Bennett's assertion of objections to information in the plea agreement at the plea hearing undermines her argument that Counsel performed deficiently for not bringing these same objections to the court's attention.

The same reasoning applies to her claim regarding the presentence report.  At the sentencing hearing, Counsel noted on behalf of Bennett that she had read, reviewed, and discussed the presentence report with Bennett and that there were "no objections to the factual statements in the presentence report."  Bennett confirmed this.  She personally had the opportunity to bring to my attention any information in the report which she believed to be false or misleading.  However, she did not assert any objections and, as a result, cannot claim that Counsel performed deficiently by not asserting objections to the report.

Regarding discovery, Bennett takes issue with the statement in the police report where the officer wrote that, upon asking for consent to search, she responded "go ahead, I don't care."  She also claims that the police report cites the wrong arrest location.  Bennett does not provide evidence to support those allegations, nor does she demonstrate how Counsel's attempts to object to that information would have impacted her decision to proceed to trial.  Bennett waived her challenges to the police report when she waived pretrial motions.  Because Bennett cannot establish any prejudice, I will deny this ground for relief.

  *iv.* <u>Counsel Was Not Ineffective at Sentencing</u>

Finally, Bennett claims that Counsel performed deficiently at the time of sentencing.  Specifically, Bennett claims that her criminal history was overstated because Counsel did not allow the probation officer to question her about it.  An individual's criminal history category is

calculated under U.S.S.G. § 4A1.1, which provides the method of calculation, and § 4A1.2, which defines the terms used in calculation. Under § 4A1.2, a "'prior sentence' means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." The presentence investigation report counted her two felony convictions and two misdemeanor convictions as prior convictions for the purposes of this calculation. On this basis, the report concluded that Bennett had a criminal history score of 4, one point for each prior conviction as required by § 4A1.1(c). It also noted that Bennett declined to discuss her criminal history upon the advice of counsel.

Bennett now ostensibly argues that had Counsel allowed Bennett's probation officer to interview her regarding those convictions, she would have explained that the convictions were not really valid and should not have factored into her criminal history score. However, she does not show how questioning the probation officer would have led to this result, nor does she provide any legal or factual support for her allegations that her earlier convictions were invalid. She only cursorily states grounds on which she believes her prior convictions were invalid. Bennett has failed to establish prejudice on this ground for relief.

Bennett also argues that Counsel was ineffective for "chastising" her for sending a letter to the Court and advising her not to raise issues regarding the contents of the letter at the sentencing hearing because she could lose her acceptance points. The letter raised concerns about the allegedly illegal arrest and "tainted evidence." Counsel's statements merely informed Bennett of the risks of sending this letter. Furthermore, as Bennett had already waived the filing of pretrial motions and pleaded guilty, she could no longer challenge that evidence. Again, Bennett fails to establish any prejudice based on Counsel's actions.

13

Bennett's final contention regarding sentencing is that Counsel incorrectly advised her that she was camp eligible, would go to medical camp, and would have all her medical needs taken care of. She states, "[h]ad she not been given those assurances by counsel she never would have plead[ed] guilty." However, her failure to identify these alleged promises when I asked whether the plea agreement contained all promises made to her directly contradicts this allegation:

> "[Court]: Does this agreement contain all the promises made to you by the United States Attorney?
> [Bennett]: Yes, sir.
> [Court]: Did they make you any promises they didn't put in writing?
> [Bennett]: No, sir.
> [Court]: Has anyone else offered you anything or given you anything to get you to plead guilty today?
> [Court]: No, sir."

See Ingrassia, 902 F.2d at 1370. Furthermore, Bennett does not demonstrate what additional steps would have been taken at sentencing if she had known that she would not have spent the duration of her sentence in a medical camp. Bennett has failed to offer any legal or factual support for this claim, and it will therefore be denied.

### C. Availability of Requested Relief

Regarding Bennett's requested relief, I note that the relief Bennett seeks in this matter is not an appropriate remedy for her claims. Bennett requests that I vacate her sentence based on the facts of her case. However, if Bennett had been successful in this petition, her relief would be limited to the withdrawal of her guilty plea. See United States v. Morrison, 449 U.S. 361, 364 (Sixth Amendment relief should be "tailored to the injury suffered from the constitutional violation"). Upon withdrawal of her plea, she would face trial on all Counts, but her sentence would not automatically be vacated.

## V. REQUEST FOR EVIDENTIARY HEARING

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless the motion and the rules and records of the case conclusively show that she is entitled to no relief. Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (citing United States v. Ledezma-Rodriguez, 423 F.3d 830, 835-36 (8th Cir. 2005)). As the evidence does conclusively show the movant is not entitled to relief, I do not grant an evidentiary hearing in this proceeding.

## VI. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To grant such certificate, the judge must find a substantial showing of the denial of a federal constitutional right. Id. at § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Because Bennett has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED that** Taylor L. Bennett's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence in federal custody is **DENIED**.

**IT IS FURTHER ORDERED that** Bennett's motion for return of property [#15] is **DENIED**.

**IT IS FURTHER ORDERED that** Bennett's motion to amend or supplement or relate back to original claims [#17] is **GRANTED**.

**IT IS FURTHER ORDERED that** Bennett's motion for a final disposition [#18] is **GRANTED**.

**IT IS FURTHER ORDERED that** Bennett's motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED that** this court will not issue a certificate of appealability, as Bennett has not made a substantial showing of the denial of a federal constitutional right.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of April, 2015